The facts of the case are as follows:
Kennon, J.
The plaintiffs, in June, 1851, brought an action of assumpsit against defendants on three promissory notes, dated April 13, April 15, and September 1, 1850. These notes were signed in the firm-name of William H. and S. A. Sigler & Co.
The plaintiffs sued William H. Sigler, Stephen • A. Sigler, and 359] Jacob Sigler, claiming that Jacob was a member of the *firm. *360 Jacob Sigler alone answered; be filed a plea of non-assumpsit, verified by affidavit.
The only question in dispute was, whether Jacob was a partner.
On the trial of the case, the plaintiffs, for the purpose of proving the partnership, offered in evidence the record of a judgment obtained by Ward, Peck & Co., against the three Siglers, as partners, and a man by the name of Simon Swineford, by default. That action was commenced in October, 1850, on a note dated June 4, 1850. The summons issued in the case, commanded the sheriff to summons William H. Sigler, Stephen A. Sigler, and Jacob Sigler, partners by the name and firm of William H. and S. A. Sigler & Co., and Simon Swineford.
Upon the summons was the following indorsement: “ Suit brought cm a joint and several note by defendants to plaintiff, for $118, dated New York, June 4, 1850, due four months after date,” etc. The record of the judgment shows that the summons was returned, with the following indorsement thereon, made by the sheriff: “Served this writ October 28, 1850, on each of the within-named, William H. Sigler, Stephen A. Sigler, and Jacob Sigler, and Simon Swine-ford, by leaving a certified copy of this writ at their places of residence.”
At the June term, 1851, of the court of common pleas of Crawford county, judgment was rendered by default'against the defendant for the amount of the note. The record showing the above facts was offered in evidence by the plaintiffs in this suit: The defendant, by counsel, objected to its admission, and the objection was sustained by the court. The plaintiff excepted to this ruling of the court. The jury found a verdict for the defendant, and judgment was rendered accordingly.
To reverse the judgment for the supposed error of the court in! ruling out this record, and for other causes, this writ of error is prosecuted.
*Did the court err in refusing to admit in evidence the re- [860 cord of the judgment thus obtained by Ward & Co., against the three Siglers, in which they were charged as partners, and suffer judgment to pass against them by default, is the only question which we consider necessary to determine.
Two of the notes upon which the plaintiffs sought to recover judgment, were dated before, and one about three months after the note upon which Ward & Co. obtained judgment by default.
*361 It is scarcely necessary to say that the plaintiffs had a right to prove that the Siglers were, in fact, partners, three months before the date of the note upon which suit was brought; for the presumption would be, that they continued to be partners until the date of one of the plaintiff’s notes.
An admission made by the three Siglers, that they were partners, would be strong evidence of the fact. If they had been sued as partners, for the recovery of money, and had all throe gone into court and confessed judgment, can there be any doubt at all but that such confession would be some evidence of the fact confessed; especially when we consider that the confession of judgment was against their interest ? If an action had been brought against them as partners, and it had been sought to charge them as such, and they had actually been present in court, and permitted judgment to be taken against them by default, it would be difficult to see why that was not a tacit admission of partnership. If they in fact were not partners at the time, and not liable to judgment against them as such, what plausible reason could be assigned for such conduct? None whatever. But, in the supposed ease, it could make no differouce whether they were actually present in court or not at the time judgment was taken by default, if they knew of the pendency of the suit, and that they were charged as partners, and permitted judgment to be taken against them by default.
Without, therefore, looking to any authorities upon the subject, 361] it seems to us, that persons charged by action in *court with being partners, and omitting to make any defense, and permitting 'judgment to be taken against them for money by default, is proper evidence of the existence of the partnership; evidence tending to prove a partnership, equally as strong as if the plaintiff had called upon them in the street, and said to them, “ you are partners in business, and as such you owe me $1,000,” and they had, without saying a word, paid the money; and yet it would hardly be doubted that in the instance last stated, their acts might be given in evidence to prove they were partners.
It is said, however, that it is a rule of the law of evidence, that judgments bind nobody but parties and privies ; and when offered in evidence, they must be between the same parties or privies, and upon the same points in controversy at the trial; that they can not be used-as instruments of evidence against strangers to the record, for the reason that such strangers have not had a day in court,.and *362 have had no opportunity of controverting the matters in issue, and upon which the judgment was rendered. For the same reason, it is said a stranger .can not use a judgment against either of the parties to the judgment. They could not use the judgment against him, and he shall not be permitted to use it against them.
These rules of law are based on sound reason, and ought not to be disturbed; but what do we mean by saying the judgment is not evidence in such cases? Simply that the facts found by the court or jury to be true, and upon which judgment was rendered, are not to be considered as tried in any other cases than those between the same parties, and when the same matter is again in controversy. But in this case the plaintiff was not attempting to prove that the facts found by the court were true; nor to show what the court or jury did or did not find, but simply to show what the parties defendants did not do; namely, plead to the action then pending in court. You can show that such action was pending only by the record itself, for, by another well settled’ rule, you are not permitted to prove it in any other way. *The record when [362 produced, however, is necessarily evidence of its own existence, at least prima facie evidence 'that the parties were properly -in court.
There are several decided cases in the Maine Eeports, sustaining the doctrine contended for by the plaintiffs’ counsel. Indeed, in that court it is considered settled law that if parties are sued as partners, and permit judgment to pass against them by default, the record of such judgment may be given in evidence in a suit by other parties against the same defendants, for the purpose of proving a partnership. See Fogg et al. v. Greene et al., 16 Maine, 282; Ellis v. Jamison, 17 Maine, 235; Craig et al. v. Carlton et al., 21 Maine, 492. It is supposed, however, that these decisions are placed upon the ground that by permitting judgment to go by default the defendants hold themselves out to the world as partners, and justify others in dealing with them as such, after the default. But by an examination of these cases, and especially of the facts of the cases, it will be found that the decisions could have been placed upon no such ground. Indeed, it would be difficult to understand how the fact of allowing judgment by default to be taken against defendants as partners, would be sufficient evidence to justify the world in considering them as partners, and holding them responsible as such, and yet would be no evidence at all in a court of justice that they were partners.
*363 We are of opinion that the court of common pleas ought to have permitted the record to be given in evidence, and that there is erroj in refusing to do so.
The judgment is reversed.
Warden, J., dissented.